ORIGINAL

FILED Paid

2010 MAR 24 A 10: 42

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

BY FAX

1  LARA R. SHAPIRO (State Bar No. 227194)
   4145 Via Marina # 324
2  Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
   Facsimile: (424) 228-5351
4

5  *Of Counsel to*
   Lemberg & Associates LLC
6  A Connecticut Law Firm
7  1100 Summer Street
   Stamford, CT 06905
8  Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10
   Attorneys for Plaintiff,
11 Hung Ho

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16                  C V 10 - 01219  PVT

17  Hung Ho,                        | Case No.:
18
19          Plaintiff,               | **COMPLAINT FOR DAMAGES**
                                    | **1. VIOLATION OF FAIR DEBT**
20      vs.                         | **COLLECTION PRACTICES ACT,**
                                    | **15 U.S.C. § 1692 ET. SEQ;**
21  United Recovery Systems, LP; and DOES | **2. VIOLATION OF FAIR DEBT**
22  1-10, inclusive,                | **COLLECTION PRATICES ACT,**
                                    | **CAL.CIV.CODE § 1788 ET. SEQ.**
23          Defendants.
                                    | **JURY TRIAL DEMANDED**
24

25

26

27

28

---

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Hung Ho, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Hung Ho (hereafter "Plaintiff"), is an adult individual residing in San Jose, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, United Recovery Systems, LP (hereafter "United"), is a company with an address of 5800 North Course Drive, Houston, Texas 77072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by United and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. United at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $2,500.00 (the "Debt") to Capital One (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to United for collection, or United was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. United Engages in Harassment and Abusive Tactics

12. United called the Plaintiff up to four (4) times per day.

13. United was rude and abusive when speaking to the Plaintiff.

14. United added interest and fees in violation of the Debt agreement.

15. United threatened to file suit against the Plaintiff. To date, no such suit has been filed.

16. United threatened to garnish the Plaintiff's wages. To date, no such action has occurred.

17. United threatened to put liens on the Plaintiff's property. To date, no such action has occurred.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

COMPLAINT FOR DAMAGES

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

25. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

26. The Defendants threatened the Plaintiff with attachment of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

28. The Defendants caused charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33. United, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

34. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

35. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

COMPLAINT FOR DAMAGES

36. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

38. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

39. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

40. The Defendants attempted to collect from the Plaintiff the debt collector's fees and charges for service, in violation of Cal. Civ. Code § 1788.13(b).

41. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

6

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

   D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

   E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

   F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

   G. Punitive damages; and

   H. Such other and further relief as may be just and proper.

# TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED: March 24, 2010                    LARA SHAPIRO


By: __/s/  *Lara R. Shapiro*__
Lara R. Shapiro

Attorney for Plaintiff
Hung Ho

---

COMPLAINT FOR DAMAGES